## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **DONALD RICHARDSON, etc., et al.,** | : | |
| | : | |
| Plaintiff, | : | **CASE NO. 3:12-CV-0342** |
| | : | |
| vs. | : | **JUDGE THOMAS ROSE** |
| | : | |
| **BOARD OF EDUCATION OF** | : | |
| **HUBER HEIGHTS CITY SCHOOLS,** | : | |
| **et al.,** | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT, BOARD OF EDUCATION OF HUBER HEIGHTS CITY SCHOOLS', MOTION FOR PROTECTIVE ORDER

Defendant, Board of Education of Huber Heights City Schools, seeks an order from this Court in accordance with Federal Rule 26(c) compelling the Board to produce its Rule 26 discovery, and any other proper discovery request propounded upon it (including informal requests), consistent with the stipulated protective order setting forth the parameters of the parties' disclosure of confidential information, which would include an order sealing such confidential to protect the identity, educational and personal information related to juvenile party and non-party students and their families.[1]  The Board seeks this order from the Court because it desires to fully comply with the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") and Ohio Revised Code § 3319.321.  The order requested by the Board will afford open discovery, as envisioned by Rule 26.  At the same time, the order will fully protect the

---

[1] The parties, by and through their counsel, are currently drafting a proposed Agreed Protective Order for this Court's consideration regarding the disclosure, management and filing of confidential information of minor parties and non-parties, and their families, in this case.

privacy concerns at issue given that the Board of Education's Rule 26 disclosures and continued participation in discovery, as well as its preparation and presentation of its defense to this case, necessarily require it and its employees to disclose personally identifiable information contained in student education files, board of education records and communications, for both parties and non-parties of this lawsuit.

The undersigned certifies the parties have conferred extensively on this topic to address the matter in a productive and cost effective manner for all concerned. The undersigned arranged for a telephonic conference with Magistrate Judge Ovington on May 30, 2013 for additional guidance in advance of filing this motion. All parties acknowledge the existence of the relevant federal and state laws protecting the privacy of minors in Ohio's educational and juvenile justice systems. It is agreed the non-movant parties will separately respond to this motion with any particular concerns they desire to be heard on this topic.

This motion is fully supported by the attached memorandum.

                    Respectfully submitted,

                    s/Lynnette Dinkler
                    Lynnette Dinkler (0065455), Trial Counsel
                    Jamey T. Pregon (0075262), Trial Counsel
                    lynnette@dinklerpregon.com
                    DINKLER PREGON LLC
                    2625 Commons Blvd., Suite A
                    Dayton, OH 45431
                    (937) 426-4200
                    (866) 831-0904 (fax)
                    *Attorney for Defendant, Board of Education of Huber Heights City Schools*

## **MEMORANDUM**

Plaintiffs allege in their Complaint that the Board of Education was deliberately indifferent to a known sexual assault against the Plaintiff minor male student by two upper-class students, all of whom were on the school's baseball team. (Doc. # 1, Complaint at ¶1.) Plaintiffs also allege there existed "some sort of hazing ritual" that involved similar "attacks and assaults" and that the Board acted with deliberate indifference by failing to take action to protect the minor student from this kind of assault. (Id., at ¶14.) Further, Plaintiffs contend the school district personnel "clearly had an actual practice and custom of looking the other way." (Id., at ¶15.) Finally, Plaintiffs claim the Board did not effectively train or supervise its employees to ensure compliance with its "Policy on Hazing and Bullying" and did not respond at all to known incidents of sexual assault hazing. (Id., at ¶35-36). The Board of Education, as well as its Co-Defendants, deny liability and intend to defend against all claims raised in the Complaint. (See generally, Doc. # 7, 11, 12, Answers for Defendants)

In order to defend its policies and practices regarding hazing and bullying within the school district, and in order to defend the actions taken by the Board and school employees in this particular incident, the Board will need to call as witnesses both minor parties and minor non-parties, including the siblings, teammates, and other classmates of the minor parties. In addition, in order to defend itself and its policies and practices regarding bullying and hazing, the Board plans to use student disciplinary and educational records of both minor parties and minor non-parties demonstrating its attentive and lawful responses to past incidents and its proactive approach to prevent such behavior its schools. In addition to producing evidence on such matters, the Board of Education will elicit testimony from its elected officials, employees, and students, on these matters.

Additionally, the facts presented here include juvenile delinquency proceedings, which are afforded a high level of privacy under Ohio law to protect the then minor party defendants. The Board of Education immediately viewed this matter as one to be investigated by and handled by law enforcement.  It desires, in its defense, to offer evidence on such facts but in a fashion that protects the privacy of the then minor students in accordance with law.

Pursuant to Rule 26(a)(1)(A), the Board acknowledges its duty to provide to the other parties in this lawsuit such information and access to such records. However, as the Board of a public school system that receives federal educational financial assistance, the Board of Education also has a duty to comply with FERPA, which "protects educational records or personally identifiable information from improper disclosure." *Virgin Records America, Inc. v. Does 1–33,* 2007 WL 3145838, *2 (E.D.Tenn. Oct.24, 2007) citing *Doe v. Woodford County Bd. of Educ.,* 213 F.3d 921, 926 (6th Cir.2000). As discussed below, the Board may also be required to comply with section 3319.321 of the Ohio Revised Code.  It is for these atypical reasons that the Board of Education moves the Court for an order compelling the production of such information and to seal all records containing testimony and reference to such information to protect, to the fullest of the Court's ability, the privacy interests of the party and non-party students and their families.

1. **FERPA**

FERPA provides in relevant part that no funds shall be made available to any educational agency or institution that has a policy or practice of releasing or providing access to any personal identifiable information in education records, other than directory information. 20 U.S.C. § 1232g(b)(2). Release of such information, however, is permitted when the information is furnished in compliance with a judicial order, or pursuant to any lawfully issued subpoena, upon

the condition that parents and students are notified of all such orders or subpoenas in advance therewith by the educational institution. 20 U.S.C. 1232g(b)(2)(B); *see also Briggs v. Board of Trustees Columbus State Community College,* Case No. 2:08–cv–644, 2009 WL 2047899 *4 (S.D.Ohio July 8, 2009) (FERPA's express language does not prevent discovery of relevant student records under the Federal Rules).

The Board of Education also recognizes that release of protected personal identifiable information is likewise permitted under FERPA when there is written consent from the student's parents specifying records to be released. 20 U.S.C. 1232g(b)(2)(A). Releases have already been requested and received from the minor party students. Given that the number of students involved as potential witnesses is substantial (Plaintiffs express an intent to explore happenings in all sports at Wayne High School over a five year period, looking back over the five years leading up to the date of the incident at issue in this suit), however, the disclosure of this information would be accomplished in a more efficient manner with an order from this Court compelling the disclosure because common sense dictates that even if the Board of Education requested releases from all non-party minor students believed to have information relevant to the claims and defenses at issue in this case, not all will be located, not all will respond to such request, and then not all will agree to execute such release.

And, as mentioned above, the Board of Education will have to provide notice of such court order to each person affected by compliance in advance of disclosure. The Board of Education requests this Court, should the order requested be issued, address the procedure deemed to comply with applicable law so that all non-party students are provided a systematic procedure for any objections to disclosure, to streamline this process as much as possible for the non-litigants and litigants alike.

Plus, when interrogatories are answered, discovery depositions are taken, and motions for summary judgment are briefed, it is practical to recognize that referring to students by the first and last name will be a necessity in order to convey what did and did not occur here.  In a straight forward case, with a fact pattern involving five or less students, the undersigned has engaged in redaction of the protected information and created a chart, assigning each student's identity a letter, in order to comport with the federal and state privacy requirements.  Here, counsel for all parties are in agreement such an approach is not realistic in order to engage in proper discovery and in order to present the Court will a fully developed and comprehensible record at, for example, the Rule 56 and/or pretrial motion stage.

FERPA broadly defines "education records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." *U.S. v. Miami University,* 294 F.3d 797, 812 (6th Cir.2002) (citing 20 U.S.C. § 1232g(a)(4)(A)); *Smith v. Sw. Licking Sch. Dist. Bd. of Educ.*, 209CV778, 2010 WL 3910487 (S.D. Ohio Oct. 1, 2010). In the *Miami University* case, the court also determined that student disciplinary records were considered "education records." *Miami University*, 294 F.3d at 812.  In addition, directory information is defined as "the student's name, address, telephone listing, date and place of birth ..." 20 U.S.C. § 1232g(a)(5)(A); *Smith*, 2010 WL 3910487, at *2.

In *Smith*, *supra*, the Southwest Licking School Board sought a similar protective order in order to respond fully to the plaintiffs' subpoena seeking personally identifiable student information, in accordance with both FERPA and O.R.C. §3319.321. The case involved a very similar set of facts, where the plaintiff alleged he/she was sexually abused by another student while attending the middle school in that school district. Given the allegations, the parties had

previously agreed to a protective order directed to the definition and treatment of confidential information.  *Id.*, 2010 WL 3910487, at *1. In that case, however, the plaintiffs had lawfully issued a subpoena seeking personally identifiable records from the Board during the discovery period. *Id.*, at *2, The court noted that under FERPA, the Board could lawfully respond and disclose the information so long as it gave prior notice to the parents and did not need the protective order to do so. The court, however, granted the motion for protective order, which ordered the Southwest Licking Board to respond fully to the subpoena under the terms of the agreed protective order. *Id.*, at *2-3.  The order issued in that case also addressed the notice requirement to parents of students, set a deadline in which objections to production should be lodged with the court, and ordered that all "Confidential Documents" containing "Confidential Information" shall be filed under seal with the Court.  The Agreed Protective Order issued in *Smith* is attached to this motion as Exhibit A.

    **2.  O.R.C. §3391.321**

Section 3319.321(B) of the Ohio Revised Code provides in relevant part that "[n]o person shall release, or permit access to, personally identifiable information other than directory information concerning any student attending a public school for purposes other than those indentified in division (C), (E), (G), or (H) of this section without written consent of the parent, guardian, or custodian of each such student who is less than eighteen years of age ***." This statute does not have a corresponding exception to release the records pursuant to a court order. It also fails to define "personally identifiable information."

The Southern District of Ohio in *Smith* addressed the absence of an exception to O.R.C. 3391.321 allowing the records to be released in order to comply with a court order.  *See Smith*, 2010 WL 3910487, at *3.  The court found the statute may create a state law privilege for certain

student information, but such a privilege would not be binding on a federal court under Fed.R. Evid. 501. *Id.* (citing *Hancock v. Dodson,* 958 F.2d 1367, 1373 (6th Cir.1992); *Nilavar v. Mercy Health System–Western Ohio,* 210 F.R.D. 597 (S.D.Ohio 2002)). However, the court ultimately declined to consider whether such a privilege should be recognized, which involves determining whether the protection of the privilege promotes an important interest that outweighs the need for information, as there was no challenge to releasing the records before the court. *Id.* (citing *Nilavar,* 210 F.R.D. at 605).

The Southern District of Ohio also addressed disclosure of personally identifiable information under O.R.C. §3319.321 in *Doe v. Ohio*, No. 2:91-CV-0464, 2013 WL 2145594 (May 15, 2013), but did not discuss the disclosure in terms of a privilege. Instead, the court found the statute irrelevant and held that the matters sought to be disclosed did not fall within the category of information protected by the statute. *Id.*, at *3. Noting that "personally identifiable information" as used in O.R.C. §3319.321 was not defined, the court found the information sought was not the type of "personally identifiable information" that is protected by section 3319.321, citing to other sections of Title XXXIII, which refer to and explain "personally identifiable data." *Id.*

Under either case cited above, it appears that O.R.C. §3319.321 may not be relevant to the discovery disclosures in this federal case. However, a protective order from this Court would certainly cloak the Board with good faith compliance should a challenge under that statute arise by a party or non-party stemming from a disclosure made in this case.

### 3. The Protective Order

The Board acknowledges and does not dispute the relevancy of the information and educational records it seeks to disclose under Rule 26 and is not contesting the other parties'

8

right to such information. In this case, the Board is seeking the order to comply fully with the Rule 26 disclosures, as opposed to a lawfully issued subpoena, as was the case in *Smith.* An order from this Court is therefore necessary in this case to comply with FERPA. See 20 U.S.C. §1232g(b)(2)(B). Without such an order, the Board would incur needless expense in attempting to obtain consent from each and every parent of the students whose records and personally identifiable information will be disclosed, and there will likely be significant delays in making the Rule 26 disclosures given the time it will take to obtain such prior consent. See 20 U.S.C. §1232g(b)(2)(A). Furthermore, if consent is not given by any parent, the Board will ultimately seek an order from this Court for the very same information under 20 U.S.C. §1232g(b)(2)(B), so that the necessary and relevant information can be disclosed within the parameters of the anticipated confidentiality agreement. Further, how the use of that information is handled, including the deposition and motion practice phases of the case, is in need of protection and, therefore, it is respectfully requested that the requested order include a directive sealing all such confidential information.

An order, like that issued in *Smith*, will address the concerns raised by this motion.

Accordingly, the Board of Education respectfully requests this Court issue a protective order compelling the Board to disclose, as required under FRCP 26(a)(1)(A), all relevant personally identifiable information in its education records under the terms of the agreed Stipulated Confidentiality and Protective Order to be filed with this Court. It is further requested that such order include a directive on hearing objections of third parties and on sealing all such confidential information so that the parties may engage in discovery freely, in the least burdensome manner, yet under a procedure to protect the identities and privacy of the three minor party students and the many minor non-party students involved or thought to be involved.

                Respectfully submitted,

                s/Lynnette Dinkler
                Lynnette Dinkler (0065455), Trial Counsel
                Jamey T. Pregon (0075262), Trial Counsel
                lynnette@dinklerpregon.com
                DINKLER PREGON LLC
                2625 Commons Blvd., Suite A
                Dayton, OH 45431
                (937) 426-4200
                (866) 831-0904 (fax)
                *Attorney for Defendant, Board of Education of Huber Heights City Schools*

## CERTIFICATE OF SERVICE

I hereby certify that on June 04, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following parties of record:

Konrad Kircher, Esq.
Michael Arnold, Esq.
Kircher Arnold & Dame, LLC
4824 Socialville-Foster Road
Mason, OH 45040
*Attorneys for Plaintiffs*

Gregory P. Barwell, Esq.
Quinn M. Schmiege, Esq.
Wesp, Barwell & Pierre-Louis, LLC
6400 Riverside Drive, Suite D
Dublin, OH 43017
*Attorneys for Plaintiffs*

Kevin C. Connell, Esq.
One South Main Street, Suite 1800
Dayton, OH 45402
*Attorney for Defendant, Benjamin Cahill*

Jonathan Freeman, Esq.
Altick & Corwin Co., LPA
One South Main Street, Suite 1590
Dayton, OH 45402
*Attorney for Defendant, Robert Macklin*

                s/Lynnette Dinkler
                Lynnette Dinkler (0065455