IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DONALD RICHARDSON, *et al.*, | : | |
| Plaintiffs, | : | Case No. 3:12cv00342 |
| v. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| BOARD OF EDUCATION OF HUBER HEIGHTS CITY SCHOOLS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# DECISION AND ORDER

This matter is before the Court upon Defendants' Joint Motion to Enforce Subpoena to Aaron Leist and Alternative Motion to Exclude Aaron Leist as a Trial Witness for Plaintiff (Doc. #130), Plaintiff's Response (Doc. #132), Defendant Board of Education of Huber Heights City Schools' Reply (Doc. #135), and the record as a whole.

Each party to this case has identified Aaron Leist as a lay witness regarding his personal knowledge of the incident or circumstances surrounding the incident that is the subject of the Complaint. *E.g.,* Doc. #67, *PageID* at 378, ¶17.  Aaron Leist has reached the age of majority.  Defendant Board of Education issued a subpoena for Aaron Leist on December 22, 2014, requiring him to attend his deposition on January 12, 2015.  (Doc.

#129, Exhibit A).  Service of subpoena was accepted by "a man stating he was Aaron Leist's father, Scott Leist ...."  (Doc. #130, *PageID* 1352).  Scott Leist "stated he would get the subpoena to Aaron Leist."  *Id*.  Before Aaron Leist's deposition was scheduled to occur, someone cashed the $56.00 check for witness and mileage fees that Defendant Board of Education's counsel had provided.  (Doc. #129, *PageID* 1348-49).  Despite this, Aaron Leist failed to appear on January 12, 2015, and "[n]othing has been heard from Mr. Leist ...."  (Doc. #130, *PageID* 1352).  Defendants stress, "Plaintiff has failed to provide Defendants with contact information for Mr. Leist ...."  *Id*.  All parties have identified Aaron Leist as a lay witness.

     Because Aaron Leist witnessed the incident that is the main subject matter of this case or has personal knowledge of the circumstances surrounding that incident, the subpoena for his deposition seeks information that is relevant to Plaintiff's claims or is reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b)(2).  Consequently, Defendants (and for that matter Plaintiff) had sufficient reason to depose him.  *See also CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) ("A party has a general right to compel any person to appear at a deposition, through issuance of a subpoena if necessary.").

     It appears, moreover, that Defendant Board of Education's counsel attempted to properly issue the subpoena and, in fact, paid the required witness fees and mileage.  *See*

2

Fed. R. Civ. P. 30(a), 45(b)(1). If so, Aaron Leist's failure to appear at his deposition on January 12, 2015 as mandated by the subpoena is sanctionable conduct that may result in an Order holding him in civil contempt of Court. Fed. R. Civ. P. 30(d)(2), 45(g). There is some doubt about this because a possibility remains that Aaron Leist's father did not inform Aaron Leist about the subpoena. The question thus remains: Did Aaron Leist actually receive the subpoena? *See* Fed. R. Civ. P. 45(b)(1) (requiring delivery of a copy of the subpoena "to the named person ....").[1] In addition, there is no present indication that Defendants served, or reasonably attempted to serve, Aaron Leist with a copy of their Joint Motion to Enforce Subpoena.

Yet, to be clear: Aaron Leist's failure to appear at his January 12, 2015 deposition as mandated by the subpoena subjects him to the possible, if not likely, outcome that the Court will find him in civil contempt. Such a finding could result in a Court Order requiring him to re-pay Defendant Board of Education's counsel the $56.00 in witness and mileage fees and to pay the amount of Defendants' reasonable attorney fees and expenses – a potentially very expensive sanction. *See* Fed. R. Civ. P. 30(d)(2) and Fed. R. Civ. P. 45(g).

Assuming Aaron Leist attends his upcoming deposition – that must be re-

---

[1] Other reasonable possibilities exist. For example, it is equally possible that Aaron Leist's father gave Aaron Leist the subpoena, which he then ignored.

scheduled to occur **on or before February 23, 2015** – such future compliance with this Order may constitute a valid reason to reduce or eliminate the amount of money he must pay as a sanction for his civil contempt.

Accordingly, Defendants' Joint Motion to Enforce Subpoena is well taken.

### IT IS THEREFORE ORDERED THAT:

1. Defendants' Joint Motion to Enforce Subpoena to Aaron Leist (Doc. #130) is **GRANTED**;

2. Defendants shall prepare another subpoena to Aaron Leist and submit it to the Office of the Clerk of Court; Defendants do not need to again pay Aaron Leist mileage and witness fees; the subpoena shall mandate Aaron Leist to attend his deposition on a specific date and time **on or before February 23, 2015**; and the Clerk of Court shall forward a copy of the subpoena to the United States Marshals Service;

3. The United States Marshal shall forthwith serve Aaron Leist – within a reasonable time before the deposition date set forth in the subpoena – with a copy of the subpoena and a copy of this Decision and Order;

4. Aaron Leist is **ORDERED** to attend his deposition at the date and time set forth in the subpoena, and Aaron Leist is placed on **NOTICE** that his failure to attend his deposition as required by the subpoena will result in an **ORDER** finding him in civil contempt of Court and imposing money sanctions upon him; and

5. Defendants' Alternative Motion to Exclude Aaron Leist as a Trial Witness for Plaintiff (Doc. #130) is **DENIED** as moot.

February 12, 2015

                                                  s/Sharon L. Ovington
                                                  Sharon L. Ovington
                                Chief United States Magistrate Judge