IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DONALD RICHARDSON, *et al.*,  :

    Plaintiffs,  :  Case No. 3:12cv00342

v.  :  District Judge Thomas M. Rose
    Chief Magistrate Judge Sharon L. Ovington

BOARD OF EDUCATION OF  :
HUBER HEIGHTS CITY
SCHOOLS, *et al.*,  :

    Defendants.  :

# DECISION AND ORDER

This matter is before upon Defendant Board of Education of Huber Heights City School's Motion for Leave to File Amended Lay Witness Disclosure *Instanter* (Doc. #133), Defendant Robert Macklin's Motion for Leave to File Amended Lay Witness Disclosure *Instanter* (Doc. #134), Plaintiff's Motion to Strike Affidavit of Antoinette S. Cordell, Ph.D. (Doc. #161), and the record as a whole.

Defendants' Motions for Leave seek to Amend their Lay Witness Lists to add several names or the initials of individuals who have already been deposed – C.H., Dr. Olson, Dr. Breyer, and Dr. Pearson.  Because these lay witness have been deposed, no prejudice will befall Plaintiff by permitting Defendants to add them to their respective

witness lists.

As to Dr. Cordell, the lone lay witness that has not been deposed, Defendants represent that Plaintiff has known about Dr. Cordell "as a potential witness as far back as December 1, 2010." (Doc. #133, *PageID#* 1384; Doc. #143, *PageID#* 1398). Dr. Cordell's deposition, scheduled in December 2014 did not occur because Plaintiff objected to agreeing to more than 11 depositions. Accepting Defendants' these representations, Plaintiff knew about Dr. Cordell as a potential lay witness long ago. Plaintiff will therefore suffer no surprise or prejudice by permitting Defendants to add Dr. Cordell to their lay witness lists.

Plaintiff seeks an Order striking Dr. Cordell's affidavit on the ground that it is inadmissible for several reasons: Dr. Cordell's lack of personal knowledge, her omission of any basis for her knowledge, and her admission that she did not conduct the interview with Plaintiff and consequently did not have the conversation she mentions in her affidavit. Although Defendants identified Dr. Cordell in their amended lay witness lists, they have not yet referred to or relied on Dr. Cordell's affidavit in any dispositive motion, including Defendant Board of Education's Motion for Summary Judgment. (Doc. #162). It is therefore premature to rule on the admissibility of Dr. Cordell's affidavit.

Accordingly, Defendants' respective Motions are well taken.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Board of Education of Huber Heights City School's Motion for Leave to File Amended Lay Witness Disclosure *Instanter* (Doc. #133) and Defendant Robert Macklin's Motion for Leave to File Amended Lay Witness Disclosure *Instanter* (Doc. #134) are GRANTED; and

2. Plaintiff's Motion to Strike Affidavit of Antoinette S. Cordell, Ph.D. (Doc. #161) is DENIED.

February 24, 2015

                                                s/Sharon L. Ovington
                                                  Sharon L. Ovington
                                      Chief United States Magistrate Judge