IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DONALD RICHARDSON, *et al.*,  :

    Plaintiffs,  :   Case No. 3:12cv00342

v.  :   District Judge Thomas M. Rose
    Chief Magistrate Judge Sharon L. Ovington

BOARD OF EDUCATION OF  :
HUBER HEIGHTS CITY
SCHOOLS, *et al.*,  :

    Defendants.  :

## DECISION AND ORDER

This matter is before upon Defendants' Motion to Enforce Subpoena to Frisch's Big Boy (Doc. #131), to which Plaintiff has not responded, and the record as a whole.

In early December 2014, Defendants served a subpoena on Plaintiff's part-time employer, Frisch's Big Boy, a non-party to this case. The subpoena seeks Plaintiff's complete personnel/employment file, including, but not limited to, job performance evaluations, payroll/wage records, disciplinary records, medical records, etc. (Doc. #131, *PageID*# 1377). On December 3, 2014, James Long accepted service of the subpoena on behalf of Frisch's Big Boy. (*PageID*# 1378). The subpoena directed Frisch's Big Boy to produce Plaintiff' personnel/employment file on December 19, 2014.

Defendants represent that they have not received Plaintiff's personnel/employment file from Frisch's Big Boy; Defendants have not received any objection to producing Plaintiff's file; they have not received any request for extension of time to produce Plaintiff's personnel file; and they have not received any response whatsoever from Frisch's Big Boy.

In this case, Plaintiff seeks to recover damages for emotional distress allegedly caused by one or more Defendants. He has therefore placed at issue his emotional state after the incident in question. Plaintiff's personnel/employment file might reasonably be expected to contain information about his ability to function in the workplace, including his ability to follow directions from supervisors, to get along and work with co-workers, to be reliable and timely in attendance, and other information that may tend to reflect his emotional health or harm during time periods after the incident in question. Because of this, Defendants' subpoena to Frisch's Big Boy seeks information that is either relevant or is reasonably calculated to lead to the discovery of admissible evidence. Defendants are therefore entitled to discover the contents of Plaintiff's personnel/employment file. *See* Fed. R. Civ. P. 26(b)(1).

Although Frisch's Big Boy is not a party to this case, it must comply with the subpoena. *See* Fed. R. Civ. P. 35(c), 45(c)(2). If Frisch's Big Boy fails or refuses to comply with the subpoena, it will likely be found in contempt of this Court and subject to

an Order imposing monetary sanctions, including the amount of Defendants' reasonable attorney fees.  *See* Fed. R. Civ. P. 45(g).

Accordingly, Defendants' Motion to Enforce Subpoena to Frisch's Big Boy is well taken.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants' Motion to Enforce Subpoena to Frisch's Big Boy (Doc. #131) is **GRANTED**;

2. Defendants shall prepare another subpoena to Frisch's Big Boy and submit it to the Clerk of Court; the subpoena shall mandate Frisch's Big Boy to produce responsive documents **on or before March 10, 2015**; Frisch's Big Boy shall timely produce such responsive documents to Lynette Dinkler, Dinkler Pregon, LLC, 5335 Far Hills Ave., Suite 123, Dayton, OH 45429; such responsive documents shall be subject to the terms of the Protective Order previously entered in this case;

3. The Clerk of Court shall forward a copy of the subpoena to the United States Marshals Service; the United States Marshal shall forthwith serve Frisch's Big Boy – within a reasonable time **before March 3, 2015** – with a copy of the subpoena and a copy of this Decision and Order; and

4. Frisch's Big Boy is placed on **NOTICE** that if it fails or refuses to comply with the subpoena, it will likely be found in contempt of this Court and subject to an Order imposing monetary sanctions, including the amount of Defendants' reasonable attorney fees.

February 24, 2015

                                                s/Sharon L. Ovington
                                                Sharon L. Ovington
                                      Chief United States Magistrate Judge